In the Matter of PHILIP J. MURPHY, Respondent, against LEWIS J. VALENTINE, as Police Commissioner of the City of New York, Appellant.

Submitted November 15, 1940; decided December 31, 1940.

*William C. Chanler, Corporation Counsel* (*Paxton Blair* and *Henry J. Shields* of counsel), for appellant.

*John F. X. Finn* for respondent.

LEHMAN, Ch. J.   Charges were filed against the petitioner, a police lieutenant, that he:

"(1)   *   *   *   Did   *   *   *   unlawfully receive and accept, in violation of section 306 of the Greater New York Charter, a certain sum of money from one Joseph Dragoni,   *   *   *   as a fee, gift or emolument for services rendered or to be rendered in assisting the said Dragoni in the procurement of a license for the sale of alcoholic beverages.

"(2)   *   *   *   Did fail   *   *   *   to take proper police action in connection with the matter set forth in specification number one   *   *   *.

"(3)   *   *   *   Did fail   *   *   *   to make proper report to his Commanding Officer in connection with the matter set forth in specification number one   *   *   *."

Though acquitted upon the first specification of the charges, the petitioner was found guilty upon the second and third specifications and was fined twenty days' pay.

The determination of the Police Commissioner has been annulled on the ground that " if the officer was found not guilty of receiving or accepting a sum of money he could not be found guilty of failing to take proper police action or making proper report in connection therewith." There is room for argument that acquittal of the petitioner upon the charge of bribery would be inconsistent with his conviction upon a charge that he had failed to report to his commanding officer or to take police action in connection with the alleged bribe he is charged with accepting, but we must attribute to the officer of the police department who made the charges a perverted sense of humor if we construe specifications two and three as a charge that the police lieutenant had failed to report to his superior officers his own unfaithfulness and guilt. Specifications two and three refer to minor derelictions " in connection with the matter set forth in specification number one." Those specifications can reasonably be understood to mean only that even if it be found that the police lieutenant did not accept the bribe as set forth in specification one, yet " *in connection with the matter set forth in specification number one,*" there were things said and done which called for police report and police action. Even though the trier of the facts rejected evidence which, if believed, would establish that a bribe had been offered and received, there would still remain substantial evidence that there was at least suggestion to the police lieutenant that a money reward would be given for police service desired and that the police lieutenant was guilty of a dereliction of duty in failing to report and to take proper police action upon such a criminal suggestion.

The order of the Appellate Division should be reversed and the determination of the Police Commissioner affirmed, without costs.

FINCH, RIPPEY and LEWIS, JJ., concur; LOUGHRAN, SEARS and CONWAY, JJ., dissent on the ground that having been acquitted on specification one, the petitioner could not be convicted of failing to take proper police action upon, and to report, the matter set forth in that specification.

Order reversed, etc.