In the Matter of WILLIAM WEBER, Respondent, against TOWN OF CHEEKTOWAGA et al., Appellants.

Argued November 14, 1940; decided December 31, 1940.

*Carlton A. Fisher* for appellants.

*William Brennan, Jr.,* for respondent.

FINCH, J.   William Weber, a civil service employee and an exempt volunteer fireman, was removed by a unanimous vote of the five members of the Town Board after a hearing upon charges preferred against him by the Superintendent of Public Works of the town of Cheektowaga.   Weber was one of two janitors of the Town Hall of the town of Cheektowaga.   The Superintendent of Public Works of the town, to whom Weber had been assigned as a laborer to work under his jurisdiction and orders in the Department of Public Works, preferred the charges against Weber as follows: That on or about the 25th of April, 1937, after William Weber had been assigned to cleaning the interior of the Town

Hall and had been directed by deponent to work from nine A. M. to twelve noon, and from two P. M. to seven P. M., he appeared between two and three o'clock at the Town Hall in an intoxicated condition and was unable to perform his duties; also that prior to the 25th of April, Weber absented himself from his duties and neglected his work at the Town Hall.

At the hearing, in addition to testimony showing verbal warning, there was introduced a letter from the Superintendent of Public Works, as follows:

" *April* 16, 1937

" Mr. WILLIAM WEBER,

Broadway,

Cheektowaga, N. Y.

" DEAR SIR: On April 16, 1937, I observed while trying to converse with you that you were under the influence of some intoxicating liquor. Other employees in the Town Hall also notified me to that effect. On one other occasion you were reported under the influence of liquor, you also have left your position without reporting to me for my permission.

" I therefore deem it advisable to warn you that if this condition occurs again, I shall have to prefer charges against you asking for your dismissal from the town payroll.

" Very truly yours,

" TOWN OF CHEEKTOWAGA

" *Supt. of Public Works.*

" EM :LA."

There is substantial evidence in this record to sustain the charges of neglect of duty, absence from duty, and intoxication while on duty. The Town Board by unanimous vote sustained the charges and dismissed Weber. Weber then sought by this action to review the determination of the Town Board. (Civil Service Law [Cons. Laws, ch. 7], § 22, subd. 1; Civ. Prac. Act, art. 78, § 1296.) At Special Term his reinstatement was ordered. Thereafter the town of Cheektowaga and the Superintendent of Public Works appealed to the Appellate Division, which also annulled

the act of the Town Board and directed the reinstatement of Weber, one justice dissenting. There followed the present appeal to this court.

The duty of supervision of the employees of the town devolves upon the Town Board selected by the inhabitants of the town for that, among other purposes. In case of dereliction of an employee in the performance of duty, the determination upon the facts is for the Town Board, and such determination will not be set aside by the courts unless it is unsupported by proof sufficient to satisfy a reasonable man, of all the facts necessary to be proved in order to authorize the determination, or unless there is such a preponderance of proof against the existence of any of the facts necessary to be proved as would require the setting aside of the verdict of a jury. Upon the record in the case at bar, not only was there competent proof of all the facts necessary to be proved in order to authorize the making of the determination, but also it cannot be said that there was such a preponderance of proof against the finding of guilt that the verdict of a jury affirming the existence thereof would be set aside by the court as against the weight of the evidence. Under such circumstances, neither the Special Term nor the Appellate Division should have set aside the finding of the Town Board. If *People ex rel. Gilson* v. *Gibbons* (231 N. Y. 171), relied upon by respondent, were accepted as holding the contrary, it would be inconsistent with *People ex rel. Guiney* v. *Valentine* (274 N. Y. 331) and *Matter of Roge* v. *Valentine* (280 N. Y. 268).

It follows that the order of the Appellate Division should be reversed, the petition dismissed, and the finding of the Town Board reinstated, all without costs.

LEHMAN, Ch. J., LOUGHRAN, RIPPEY, SEARS, LEWIS and CONWAY, JJ., concur.

Order reversed, etc.