In the Matter of JOHN F. MILLER, Petitioner, against MILDRED E. KLING, as County Clerk of the County of Chautauqua, Respondent.

Fourth Department, November 18, 1942.

*Michael D. Lombardo* and *Clarence G. Pickard* for petitioner.

*James O. Moore, Sr.*, and *James O. Moore* for respondent.

*Per Curiam.* The petitioner is a veteran of the World War, having served in the United States Navy and having been honorably discharged from active service on November 8, 1919, and from the Naval Reserve Forces in March, 1925. Upon his discharge from active service he received a citation for meritorious service in the United States Navy.

In 1920, after a civil service examination, the petitioner was appointed a searcher in the County Clerk's office of Chautauqua County, and in 1921, he organized the Bureau of Motor Vehicles in such clerk's office, and was placed in charge of it, and later his promotion to the position of Supervisor of Motor Vehicles in such clerk's office was approved by the Civil Service Commission of the State of New York. His work in that bureau was commended by the Commissioner of Motor Vehicles of the State of New York and by his deputy. In April 1941, the First Deputy Commissioner of Motor Vehicles made an investigation of the Motor Vehicle Bureau of the County Clerk's office of Chau-

tauqua County, and he called the attention of the County Clerk, Miss Kling, to the splendid condition of the office and praised the work that had been done by petitioner and told her of the high regard that the Commissioner of Motor Vehicles and the deputy had for petitioner and for the work he did in the bureau.

On September 2, 1922, the petitioner was married to Ellen Yates, County Clerk of Chautauqua County, who had served as such clerk from January 1, 1919, and continued thereafter up to the time of her death, April 24, 1940. Upon the death of Ellen Yates Miller, Philip B. Mahoney was appointed County Clerk by the Governor of the State of New York, and served until December 31, 1940. Mr. Mahoney appointed Forrest S. Hart as Deputy County Clerk in the Motor Vehicle Bureau, but the petitioner continued as supervisor of such bureau.

Mildred E. Kling was elected County Clerk of Chautauqua County in November, 1940, and assumed office on January 4, 1941. She appointed as Deputy County Clerk, Clark E. Goodrich, who was employed in the County Clerk's office as searcher of real estate, and who had been a Deputy County Clerk for many years. She also appointed as Deputy County Clerk, Gertrude J. Carlson, who heard the charges against petitioner and who did not have any previous experience in the County Clerk's office. On January 6, 1941, Miss Kling also appointed Doris H. Easling as Deputy County Clerk, in charge of the Motor Vehicle Bureau. Roy S. Stoeltzing, who was appointed as a clerk in the Chautauqua County Clerk's office on September 1, 1935, was continued in this position. His duties were mainly in the Motor Vehicle Bureau.

On August 5, 1941, charges were preferred against petitioner by Miss Kling, as County Clerk. The first charge was that he was incompetent. The second charge was a general one of misconduct.

As soon as Doris H. Easling entered upon her duties as Deputy County Clerk, she announced to petitioner that she was "boss", and took over the room which had been formerly occupied by the petitioner as an office. She testified that she did not consult petitioner about the work in the department unless she had to and that she usually went to Stoeltzing for information. She also testified that she spent one-third of her time watching the petitioner. From these acts of Mrs. Easling the inference is drawn that she and her supporters in the office were preparing to formulate charges against the petitioner. Before the new County Clerk and the new deputies had had an opportunity to familiarize themselves with the duties of the Motor Vehicle

Bureau, they charged petitioner with incompetency. The charges were preferred by the County Clerk and were heard by her deputy, Miss Carlson. One of the findings upon which they based the removal of petitioner was that he was incompetent. This charge is not supported by sufficient proof, and there is a preponderance of proof against the existence of the facts necessary to be proved in order to authorize the County Clerk to determine that petitioner was incompetent, and such finding is against the weight of the evidence.

Miss Carlson, who was appointed to hear and consider the charges, was so eager to have it shown that petitioner was guilty of misconduct sufficient for his removal, that she temporarily ceased to act as presiding officer of the hearing and stepped down and swore herself as a witness and gave testimony against him. In her report, however, she found that he was not discourteous. She found that the charge that petitioner confused the application of Marion Map as to whether it related to eye or road tests, was not sustained by the evidence. She made the same finding as to the charge that petitioner was careless in the handling of applications for junior licenses.

Mrs. Easling was in charge of the Motor Vehicle Bureau, and the personnel thereof was under her supervision. Mrs. Easling's testimony shows that the duties of the Motor Vehicle Bureau were no longer to be performed by petitioner. He was to take the mail to the post office each day and file the few letters necessary to be filed, which amounted to not more than seven a week. This was practically a demotion from his position which the Constitution gave him the right to hold permanently while the position existed, unless removed on charges.

Mrs. Easling complained of lack of cooperation on the part of petitioner, but the evidence shows that she did not consult him and did not give him the opportunity to cooperate with her. This charge is unsupported by proof sufficient to authorize the finding of lack of cooperation, and there is a preponderance of proof against the existence of the facts necessary to be proved in order to sustain such finding, and such finding is against the weight of the evidence.

Miss Kling in her order of dismissal did not make specific findings. She did state that petitioner came and went as he pleased. This finding is not supported by the evidence and is against the weight thereof.

The charge that while on his vacation in the south petitioner overstayed the time allotted to him, is too trivial and unsubstantial, in view of the circumstances, to warrant his removal. The

prosecution has found that this absence of only a few days did not interfere with the work of the County Clerk's office. Furthermore, his delay in returning was satisfactorily explained by petitioner. He testified that the people with whom he was travelling in an automobile were unable because of business to start for home at the time previously planned. It was shown that he wrote to the County Clerk, telling her that he would be delayed.

Miss Kling finds that the mistakes in the bureau were made by petitioner with malicious intent. As a matter of fact, Mrs. Easling and Miss Carlson charged all the errors made by the numerous employees in the bureau to petitioner. There was not sufficient evidence to find that petitioner made serious mistakes, and the evidence did not show specifically what mistakes, if any, were made by him. This finding is against the weight of the evidence.

The charge that he was guilty of misconduct and willful neglect on the night of August 14, 1941, when he found the cash drawer open and the money and checks therein exposed, and reported the same to the Sheriff, is not sustained by the evidence. The petitioner was then under charges, and Mrs. Easling was in charge of the bureau. Any attempt by him to correct her work might have been used against him. The fact that he placed the Sheriff in charge of the money and checks was sufficient performance of his duties, and this charge should have been dismissed.

The charge that he left money exposed overnight and during the noon hour in the branch office in Dunkirk in January, 1941, is not supported by a preponderance of the evidence. The petitioner and Miss Carlson, who was sent there as his superior, were both handling the money. The evidence does not show which one of them left the money unprotected. This finding is against the weight of the evidence.

The charges against the petitioner are too trivial and unsubstantial to warrant his removal.

The determination of the County Clerk is unsupported by competent proof sufficient to satisfy a reasonable man of all the facts necessary to be proved in order to authorize the making of such determination, and there is a preponderance of proof against the existence of the facts necessary to be proved in order to authorize the making of such determination The determination should be set aside as against the weight of the evidence.

The determination of the County Clerk should be annulled on the law and facts and she should be directed to reinstate peti-

tioner in his position as Supervisor of Motor Vehicles, and directed to take the necessary steps so that the county of Chautauqua shall pay to him the compensation of his position from the time of his removal until his reinstatement, with fifty dollars costs and disbursements.

CUNNINGHAM, HARRIS and McCURN, JJ., concur; TAYLOR and DOWLING, JJ., dissent and vote for confirmation of the determination on authority of *Matter of Weber* v. *Town of Cheektowaga* (284 N. Y. 377).

Determination annulled on the law and facts with fifty dollars costs and disbursements and respondent directed to reinstate petitioner.