In the Matter of JOHN F. MILLER, Respondent, against MILDRED
E. KLING, as Clerk of the County of Chautauqua, Appellant.

Argued May 24, 1943; decided July 20, 1943.

*James O. Moore* for appellant. The determination of the County Clerk upon the facts is supported by proof sufficient to establish the facts necessary to be proven in order to sustain the determination, and the evidence against such facts does not, as a matter of law, preponderate against the facts upon which the determination was based. (*Matter of Weber* v. *Town of Cheektowaga,* 284 N. Y. 377; *People ex rel Guiney* v. *Valentine,* 274 N. Y. 331; *Matter of Roge* v. *Valentine,* 280 N. Y. 268; *Matter of Stork Restaurant, Inc.,* v. *Boland,* 282 N. Y. 256; *Matter of Heaney* v. *McGoldrick,* 286 N. Y. 38; *Matter of Savoy Associates, Inc.,* v. *Valentine,* 266 App. Div. 63; *Matter of Carroll* v. *Knickerbocker Ice Co.,* 218 N. Y. 435; *Matter of Newbrand* v. *City of Yonkers,* 285 N. Y. 164; *Matter of Davis* v. *Sayer,* 205 App. Div. 562; *People ex rel. Kelly* v. *Kirchwey,* 177 App. Div. 706; *Sharkey* v. *Thurston,* 268 N. Y. 123; *People ex rel. Rudd* v. *Cropsey,* 173 App. Div. 714.) The County Clerk was the only person who had the jurisdiction to make the determination and the procedure was in all respects regular. (Civil Service Law, § 22, subd. 1; *Sharkey* v. *Thurston,* 268 N. Y. 123.) Even though the appointment of the Deputy County Clerk in charge of the Motor Vehicle Bureau were not authorized she was a *de facto* appointee so far as petitioner was concerned. (*Curtin* v. *Barton,* 139 N. Y. 505; *Terhune* v. *Mayor,* 88 N. Y. 247; *Lambert* v. *People,* 76 N. Y. 220; *Matter of McMenamy* v. *Aitken,* 289 N. Y. 653.) The County Clerk acted in good faith, and accorded petitioner a full and impartial hearing. (*Plato* v. *Reynolds,* 27 N. Y. 586; *Carpenter* v. *Ward,* 30 N. Y. 245.)

*Michael D. Lombardo* and *Clarence G. Pickard* for respondent. The Appellate Division having found that the determination of the County Clerk was against the weight of evidence, the Court of Appeals has no jurisdiction to review the facts. (Civ. Prac. Act, § 602; *Haber* v. *Paramount Ice Corp.,* 264 N. Y. 98;

*Lefferts* v. *Lefferts,* 263 N. Y. 131; *McKellar* v. *American Synthetic Dyes,* 229 N. Y. 106; *People ex rel. Burke* v. *Wells,* 184 N. Y. 275; *People ex rel. Kohlman & Co.* v. *Law,* 239 N. Y. 346.) The charges are either unsubstantiated by proof or too trivial to justify removal from office. (*Matter of Mercer* v. *Dowd,* 288 N. Y. 381; *People ex rel. Fallon* v. *Wright,* 7 App. Div. 185, 150 N. Y. 444; *Matter of Crowley* v. *Fowler,* 217 App. Div. 16; *Matter of Griffin* v. *Thompson,* 202 N. Y. 104; *People ex rel. Keech* v. *Thompson,* 94 N. Y. 451; *Peole ex rel. Long* v. *Whitney,* 143 App. Div. 17; *People ex rel. Kelly* v. *Kirchwey,* 177 App. Div. 706; *People ex rel. Mitchel* v. *La Grange,* 2 App. Div. 444; 151 N. Y. 664; *People ex rel. Van Tine* v. *Purdy,* 221 N. Y. 396; *People ex rel. Campbell* v. *Campbell,* 82 N. Y. 247.) The proceedings were illegally conducted in that the deputy did not conduct the proceedings in an impartial and judicial manner. The deputy appointed to hear the charges became a witness and attempted to administer the oath to herself. (*Michel* v. *Semer,* 205 App. Div. 281; *Ullmann & Co.* v. *American Hawaiian S. S. Co.,* 134 Misc. 475; *People ex rel. Kasschau* v. *Police Commrs.,* 155 N. Y. 40; *People ex rel. Somerville* v. *Roosevelt,* 156 N. Y. 692; *People* v. *Hartnett,* 124 Misc. 418; *O'Reily* v. *People,* 86 N. Y. 154; *Bookman* v. *City of New York,* 200 N. Y. 53; *People ex rel. Kenyon* v. *Sutherland,* 81 N. Y. 1.) The petitioner was deprived of the right to produce evidence of matters in disproof of the charges made against him. The County Clerk and her deputy, Miss Carlson, have attempted to act as both prosecutor, judge, and jury, and have not accorded the petitioner an impartial hearing. Deputy Easling was never legally appointed to her position. The proceedings were not instituted in good faith.

*Per Curiam.* In 1941, appellant County Clerk of Chautauqua County preferred charges against relator, who had held for many years a civil service position in the County Clerk's office, as a Searcher and Supervisor of Motor Vehicles. Pursuant to section 22, paragraph 1, of the Civil Service Law, relator was given " a hearing upon due notice upon stated charges," before a Deputy County Clerk. The Deputy County Clerk made a report to appellant, recommending that the charges, with a few exceptions, be sustained. The County Clerk thereupon removed

relator from his position. In this proceeding to review that ouster, the Appellate Division, by a divided court, annulled the County Clerk's determination " on the law and the facts," holding that the charges were trivial and unsubstantial, that the County Clerk's determination was unsupported by competent proof sufficient to satisfy a reasonable man, that there was a preponderance of proof against the existence of the facts which had to be proved to support the determination, and that the determination should be set aside " as against the weight of the evidence." (265 App. Div. 143, 146.)

We agree with the Appellate Division that a number of the charges, such as those involving the numbering machine, paper clips, et cetera, are unsubstantial. Others of the charges were not established by competent evidence, these including the charges as to leaving money unguarded in the Dunkirk office, as to alleged failure to make proper arrangements for opening the branch office bank accounts, and the so-called " additional charge " having to do with the incident on the evening of August 14, 1941. Some of the other charges, and the proof adduced to support them, are vague and general.

We come to the conclusion, however, that other charges are substantial, or might be so considered by a reasonable mind, and that these charges, to some of which we are about to refer, were supported by competent proof of all the necessary facts, and that there was no such preponderance of evidence against the existence of any of those facts as would require the setting aside of the verdict of a jury. (Civ. Prac. Act, § 1296; *Matter of Weber* v. *Town of Cheektowaga*, 284 N. Y. 377.) Among the charges which may be so regarded are those which accuse relator of overstaying his alloted vacation time without permission, of numerous mistakes in scheduling appointments for applicants' tests, of leaving the County Clerk's office without permission and of staying home from the office without permission, also the charges of insubordination and inefficiency with relation to the handling of mail. We cannot say, as matter of law, that the County Clerk, in treating those matters as substantial and serious, was acting whimsically, arbitrarily, irrationally or in bad faith. Nor can we say that those particular charges are unsupported by " substantial evidence," which is all that is required by way of proof. (See discussion in Com-

missioner Benjamin's Report to the Governor on Administrative Adjudication, [1942] first, or unnumbered volume, p. 328, *et seq.*). Indeed, as to the charge of overstaying his vacation, without permission, for three or four days, the fact is undisputed. The County Clerk has the responsibility of managing her office efficiently. She has the power to remove her subordinates, subject only, when the subordinate is, like relator, a war veteran or a volunteer fireman, to the condition that she grant the subordinate a hearing upon due notice upon stated charges and that on such a hearing she sustain the burden of proving, by substantial evidence, misconduct or incompetency in serious particulars (Civil Service Law, § 22). When her determination comes to be reviewed in the courts under article 78 of the Civil Practice Act, the courts have no right to review the facts generally as to weight of evidence, beyond seeing to it that there is " substantial evidence." It is laboring the obvious and the oft-repeated to say that the courts may not substitute their judgment for that of the removing officer as to whether or not a subordinate should be removed. (*People ex rel. Guiney* v. *Valentine,* 274 N. Y. 331; *Matter of Murphy* v. *Valentine,* 284 N. Y. 524, 526.)

As to the statement in the Appellate Division's order that its annulment of the County Clerk's determination is " on the law and the facts," we find nowhere a grant of power to the courts to review such a determination " on the facts."

The order of the Appellate Division should be reversed and the proceeding dismissed, without costs.

LEHMAN, Ch. J., LOUGHRAN, DESMOND and THACHER, JJ., concur; LEWIS and CONWAY, JJ., dissent; RIPPEY, J., taking no part.

Order reversed, etc.