In the Matter of LEBLANG-GRAY's, INC., Petitioner, against PAUL Moss, as Commissioner of Licenses of the City of New York, Respondent.

Supreme Court, Special Term, New York County, December 28, 1944.

*William B. Herlands* for petitioner.

*Ignatius M. Wilkinson, Corporation Counsel (Charles C. Weinstein* and *Harry Zamore* of counsel), for respondent.

FRANKENTHALER, J. In this proceeding under article 78 of the Civil Practice Act petitioner, a theatre ticket agency, seeks to annul the suspension of its license by respondent Commissioner.

The essential issue before the Commissioner was simply one of veracity between two witnesses. Quinn, who purchased the tickets for his employer, testified that Sheehan, petitioner's employee for seventeen years, exacted cash overcharges in violation of law (General Business Law, art. X-B), which Sheehan denied. There is no other proof of violation of the statute. Motives for falsification might as easily be ascribed to the one as the other. Respondent chose to believe Quinn, and as that choice was fairly open to him on the evidence it may not properly be disturbed by the court. (*Matter of Miller* v. *Kling,* 291 N. Y. 65.)

The alleged transactions between Quinn and Sheehan took place at petitioner's place of business three or four times a week for some months and involved frequent telephone calls. There was only one cash drawer and Quinn testified that he sometimes saw the entire purchase price of the tickets including the cash overcharges placed therein. Petitioner's officers were generally present and active in the business. From these and other suggestive circumstances respondent has drawn an inference adverse to petitioner and ordered suspension of the license. Nevertheless, petitioner swears, and there is no direct

evidence to the contrary, that it never permitted nor even noticed Sheehan's conduct, and categorically denies receiving any part of the overcharges.

So narrow and close was the issue on which the finding of Sheehan's guilt was made, that, under the circumstances, a trier of the facts might well hesitate to use that finding as a premise for an inference of guilt on the part of Sheehan's employer. But if, indeed, Sheehan committed these acts, their continuity and repetition import that petitioner knew or should have known of them (cf. *People ex rel. Price* v. *Sheffield Farms Co.*, 225 N. Y. 25), or at least the respondent might so find. Thus the court may not say that the respondent's conclusion is without substantial evidentiary support and arbitrary or capricious. It follows that the respondent's determination must be confirmed (*Matter of Miller* v. *Kling, supra*), the petitioner's proceeding dismissed and its application denied.