In the Matter of HELEN L. HARVEY, Respondent, against MARTIN P. CATHERWOOD, as Commissioner of Commerce, et al., Appellants.— Appeal from an order of the Supreme Court, at an Albany Special Term, which directed defendants to reinstate petitioner to her position as Principal Stenographer in the Department of Commerce. Charges were filed against petitioner on October 29, 1943, and she was given an opportunity to answer the same in writing. She was not a war veteran or an exempt volunteer fireman, and hence was not entitled to a hearing (Civil Service Law, § 22, subd. 2). After a consideration of her explanations petitioner was removed on November 27, 1943. This proceeding for a review of such determination was then instituted under article 78 of the Civil Practice Act. The court below found little dispute as to the facts, but concluded that the order of removal rested upon either highly debatable matters of office procedure, or upon multiplied trivia; that the matters complained of were unsubstantial, and that the order of removal was arbitrary. We agree that some of the matters complained of do appear to be trivial, but we cannot say this of all of them. Nor can we say that the removal officer did not have some basis in fact to support the charges that are substantial. The scope of our review is decidedly limited. There has been no hearing by statutory direction at which testimony was taken, and hence we may not generally pass upon the weight of evidence. We may only determine whether any of the charges are substantial, and whether there is any evidence to support them, which is the same thing as saying whether the removal officer had any basis in fact to sustain his determination. This review therefore does not come under sub-

·divisions 6 or 7 of section 1296 of article 78, but rather under subdivisions 4 and 5. The situation in that respect differs from *Matter of Weber* v. *Town of Cheektowaga* (284 N. Y. 377) and *Matter of Miller* v. *Kling* (291 N. Y. 65). In each of those cases a hearing was held and the scope of review was thereby extended. In this case the weight to be given to petitioner's explanation was for the removal officer. If the explanation was one that no reasonable mind would reject then the order of removal was arbitrary. On the other hand if the explanation was such that reasonable minds might differ as to whether it should be accepted or rejected, then the choice was for the removal officer, and we may not substitute our judgment. (*Matter of Griffin* v. *Thompson*, 202 N. Y. 104; *Matter of Albano* v. *Hammond*, 268 N. Y. 104.) Since some of the charges were substantial and supported by evidence, the order annulling the determination of the Commissioner should be reversed and the petition dismissed, without costs. Order annulling determination of the respondent Catherwood reversed on the law, and the petition dismissed, without costs. Hill, P. J., Brewster and Foster, JJ., concur; Bliss and Heffernan, JJ., dissent, and vote to affirm.