In the Matter of JOHN P. HANOVEN, Petitioner, against AUGUST H. WAGENER, as Commissioner of Public Works of the City of Rochester, et al., Respondents.

Fourth Department, January 16, 1946.

*J. Emmett O'Brien* for petitioner.

*Charles B. Forsyth, Acting Corporation Counsel,* and *Sam Di Pasquale* for respondents.

*Per Curiam.* The decision of the Commissioner of Public Works contains a summary of his findings on the testimony, and such decision concludes as follows:

" I find Mr. Hanoven guilty of the following charges and I find all the charges sustained.

" 1. That on December 11, 1944, he violated that rule of the Department of Public Works which requires him to order out the street snow plows when there are four inches of snow on the public streets.

" 2. That on December 12, 1944, he again violated that same rule of the Department of Public Works until such a time that it was practically impossible for the street plows to clear the streets.

" 3. That although notified on December 11, 1944, by the Weather Bureau of an expected snow fall of such an amount as to warrant the sending out of the street plows and the preparing of the men and equipment to clear the said streets, he failed to take any measures to do so.

" 4. That on December 11, 1944, although informed by a snow inspector in the employ of the City of Rochester, that there were four inches of snow on the city streets, he failed and neglected to order out the street plows, contrary to the rule of the Department of Public Works which directs you to do so.

" 5. That with full knowledge of the weather existing on December 11, 1944, and in the early morning of December 12, 1944, and with full knowledge of the time necessary to plow the city streets, he delayed in calling out said men and equipment until such a time that the snow was so deep that the plows were unable to properly clear the city streets.

" I discharge and remove Mr. John P. Hanoven from his position as Supervisor of Maintenance and Operation of the Department of Public Works of the City of Rochester and direct that a copy of this decision shall be filed with the Civil Service Commission and also made a part of the records of this department."

The record of the hearing contains sufficient evidence to support each of such findings enumerated above. And, if that were the entire decision, we should sustain the determination (*Matter of Miller* v. *Kling,* 291 N. Y. 65, 69, revg. 265 App. Div. 143; *Matter of Weber* v. *Town of Cheektowaga,* 284 N. Y. 377, revg. 259 App. Div. 1066), but in his statement of facts, contained in the decision, the commissioner said: " A grave situation from the standpoint of public peril resulted by reason of the failure of. Mr. Hanoven to have called out the snow plows earlier. Sufficient was this situation so that a public emergency was declared as a direct result of the snow clogged conditions of the city streets two days thereafter by the City Manager. This situation resulted from the incompetency, misconduct and dereliction of duty on the part of Mr. Hanoven. The consequences of that incompetent dereliction of duty to the public welfare are sufficient to warrant his discharge from office." From such last-quoted statement, we assume that the discipline of discharge from office was at least partly based on the conclusion of the commissioner that the public emergency resulted directly from " the incompetency, misconduct and dereliction of duty on the part of Mr. Hanoven ", the petitioner herein. The record contains no proof on which could be based a finding that the public emergency resulted from such a cause. It is a matter of common knowledge, of which the court takes judicial notice, that the emergency conditions, to which reference was made in the decision, were a part of conditions prevalent throughout a large part of New York State due to a snowfall December 11th, 12th and 13th, which emergency condition could not be avoided by any means within the control of Mr. Hanoven and the City of Rochester. With this conclusion on our part, it is necessary that the matter be remitted to the Commissioner of Public Works to determine what, if any, discipline or penalty, should be imposed upon petitioner.

All concur, except Dowling and Larkin, JJ., who dissent and vote to confirm the determination. Present — Taylor, P. J., Dowling, Harris, McCurn and Larkin, JJ.

Determination confirmed in part, without costs, and matter remitted to respondent Commissioner of Public Works, for further proceedings in accordance with the opinion.