In the Matter of FRIENDLY WINE AND LIQUOR STORE, INC., Petitioner, against NEW YORK STATE LIQUOR AUTHORITY, Respondent.— In a proceeding pursuant to article 78 of the Civil Practice Act, to review a determination of the State Liquor Authority, which suspended petitioner's retail liquor package store license for twenty days, the proceeding has been transferred to this court. (Civ. Prac. Act, § 1296.) Determination annulled, with $50 costs and disbursements. There was no substantial evidence before respondent to support its determination. Wenzel, Schmidt and Beldock, JJ., concur; Nolan, P. J., and Adel, J., dissent and vote to confirm the determination, with the following memorandum: The record discloses substantial evidence and a rational basis for the determination made. Such being the case, we may not consider the fact that there was conflicting evidence, nor may we weigh the evidence and reject the choice made by respondent. (*Matter of Miller* v. *Kling,* 291 N. Y. 65.)

■

In the Matter of ALVIN L. WEIL et al., Appellants, against NEW YORK STATE COMMISSION TO INVESTIGATE STATE AGENCIES IN RELATION TO PARI-MUTUEL HARNESS RACING, Respondent. In the Matter of JOSEPH J. DOWLING et al., Appellants, against NEW YORK STATE COMMISSION TO INVESTIGATE STATE AGENCIES IN RELATION TO PARI-MUTUEL HARNESS RACING, Respondent. In the Matter of ALBERT M. DE MEO, Appellant, against NEW YORK STATE COMMISSION TO INVESTIGATE STATE AGENCIES IN RELATION TO PARI-MUTUEL HARNESS RACING, Respondent.— In these proceedings appellants Weil, Weisman and Levy applied at Special Term for an order limiting subpoenas duces tecum similar in form, which had been served on them by respondent; appellants Dowling and Johnson so moved with respect to like subpoenas which had been served on them; and appellant De Meo moved for an order quashing or modifying a similar subpoena served on him. All said applications were heard together and denied. The petitioners appeal from the orders entered thereon. Orders modified on the law so as to provide as follows: (A) with respect to the subpoena served upon appellant Dowling: (1) the date "January 1, 1945", shall be substituted for "January 1, 1940", in items 1, 2 and 4 of said subpoena; and (2) item 3 of said subpoena shall be limited to transactions from January 1, 1945, to date; and (B) with respect to the subpoenas served upon all the other appellants, items 3 of said subpoenas shall be limited to transactions from January 1, 1940, to date. As so modified, the orders are affirmed, without costs. It is not claimed that appellant Dowling had any connection with the subject of the inquiry (harness racing) prior to the year 1945; or that any of the other appellants were so connected prior to 1940. Nolan, P. J., MacCrate, Schmidt, Beldock and Murphy, JJ., concur. [205 Misc. 614.]