In the Matter of ALONA J. ECHLE, Appellant-Respondent, against EDWARD CORSI, as Industrial Commissioner of the State of New York, et al., Respondents-Appellants.

Fourth Department, January 12, 1955.

*Charles J. McDonough* for appellant-respondent.

*Nathaniel L. Goldstein, Attorney-General (Michael P. Geraci, Wendell P. Brown* and *Matthew A. Tiffany* of counsel), for respondents-appellants.

*Per Curiam.* There was substantial evidence to sustain the determination which resulted in the demotion of the petitioner. That part of the order appealed from which confirmed the determination demoting the petitioner should be affirmed. The second determination resulted in petitioner's dismissal from the service. That determination was annulled by the Special Term. The respondents, Industrial Commissioner and Executive Director of the Division of Employment Insurance, Department of Labor, have appealed from that part of the order which annulled the second determination. The petitioner was informed by letter dated July 10, 1953, that she was found guilty of the charges previously made against her and that the penalty was demotion " to the title of Clerk and transfer to the Rochester Office." Until then she had been suspended from her former position pending the determination of the charges. The said letter then recited: " This action is to be effective at noon, July 16, 1953. You are to report to Mr. Sumner Forward, 155 West Main Street, Rochester, New York, for assignment at that time." By this letter, her suspension was terminated and she was restored to duty at Rochester as of noon, July 16, 1953. The petitioner did not report for duty as directed. On July 20, 1953, new charges were laid against her for misconduct, insubordination and taking unauthorized leave. Her answer to the charges was a denial but it admitted all of the allegations of fact contained in the specifications. The answer set forth no new matter as an excuse for not reporting as directed and nothing in extenuation. Thereafter and on July 29, 1953, she was held to be guilty of the charges and was, as of that date, dismissed from the service.

The order annulling the second determination was based upon a finding that the letter to the petitioner directing her to report for duty at Rochester was mailed on July 14th and arrived in Buffalo on July 15th, but did not reach the petitioner until one hour before the reporting time at Rochester July 16, 1953. The Special Term's memorandum states: " It can thus be seen that no human being could possibly comply with that requirement,

and it is therefore annulled and revoked." The physical inability of getting from Buffalo to Rochester in one hour after receipt of notification was not before the respondents when the determination was made nor was it properly before the Special Term. The petitioner raised no such issue. It is too late to raise it upon this appeal. However, and in any event, it would have been no valid defense. It is conceded that the petitioner on July 16, 1953, telephoned to Mr. Forward that she would not report and on the same day her attorneys wrote to the Albany office that they had advised her not to report to Rochester as they intended to institute an article 78 proceeding. It is undisputed that petitioner, at no time, did report. Whether she had sufficient time to report at noon on July 16th to Mr. Forward in Rochester is immaterial since she unqualifiedly refused to report at all. Upon receipt of notice to return to duty, she had the choice of complying or refusing to comply with the order. She chose the latter course and after four days of noncompliance and refusal to obey the order, charges were preferred. As in the case of the first determination, there was substantial evidence before the respondents to support the determination. In fact the evidence was not, in any way, controverted by the petitioner.

Under the circumstances presented, this court has no other course than to sustain the determination of the respondents. The law is well settled. (*Matter of Harvey* v. *Catherwood,* 268 App. Div. 1016, affd. 295 N. Y. 843; *Matter of Miller* v. *Kling,* 291 N. Y. 65; *Matter of Humphrey* v. *State Ins. Fund,* 298 N. Y. 327.)

The order insofar as it confirms the determination of the respondents demoting the petitioner from the position of senior employment interviewer to the position of clerk should be affirmed; the order insofar as it annuls and revokes the determination of the respondents dismissing the petitioner from the service should be reversed and the determination of respondents should be confirmed.

All concur. Present — McCURN, P. J., VAUGHAN, KIMBALL, PIPER and VAN DUSER, JJ.

Order insofar as it confirms the determination demoting petitioner affirmed; order insofar as it revokes the determination dismissing petitioner reversed on the law and facts and determination of respondents confirmed; without costs of these appeals to any party.