In the Matter of WILLIAM F. CORGEL, Appellant, against ALFRED R. Loos et al., Constituting the New York State Board of Parole, Respondents.

Third Department, November 16, 1955.

*Bruce G. Dean* for appellant.

*Jacob K. Javits, Attorney-General (William C. Robbins, James O. Moore, Jr.,* and *Paul C. Reuss* of counsel), for respondents.

COON, J. Petitioner was removed from his position as a parole officer as of January 19, 1954, after written charges had been filed against him and he had been given an opportunity to answer the same in writing, in accordance with subdivision 2 of section 22 of the Civil Service Law. No hearing was held at which witnesses were called, but the Parole Board acted upon information before it as a result of its own investigation and the explanation of petitioner contained in his answer.

Petitioner was not in a category which entitled him to a trial, and all of the requirements of subdivision 2 of section 22 of the Civil Service Law, as it then read, were met. Once notice of charges were given and an opportunity to make an explanation granted, the board could act upon any information which came

to its attention and upon its own investigation, and determine the sufficiency of petitioner's explanation. If there be any substantial evidence to sustain its determination, a court is without authority to disturb it. (*Matter of McGuire,* 157 App. Div. 351, affd. 209 N. Y. 597.)

Petitioner was charged with misconduct and with conducting himself in a manner unbecoming a parole officer, and that his conduct was such as to reflect unfavorably upon the Division of Parole. One specification charged petitioner with a public assault upon the person of one George H. Bogart in the presence of several people in a cigar store in Elmira, New York, on January 9, 1954, and another specification charged that petitioner struck and physically mistreated a parolee on February 23, 1952, and then, in general language, charged that on other occasions petitioner's behavior and language indicated a temperamental inadequacy for the position of parole officer. Petitioner does not deny the assault of January 9, 1954, nor does he deny striking the parolee on February 23, 1952, but merely gives his own version of the circumstances and claims provocation or justification. However, from the information before it, the board could have found that the public assault on January 9, 1954, was unprovoked and entirely unnecessary, and that the petitioner had to be restrained by bystanders to prevent him from continuing it. The board could have found, and with evidence to support its finding, that petitioner exerted physical violence upon a parolee and willfully struck the parolee, unnecessarily and without any adequate reason.

It is urged that the incident of February 23, 1952, is " stale," and that inasmuch as petitioner was kept on as a parole officer after the incident it cannot be revived now. There is no evidence that such an incident came to the attention of the board, and certainly no evidence that petitioner was exonerated by the board. Such an incident might properly be considered for its cumulative effect as bearing upon petitioner's assaultive disposition, and in measuring his conduct over a period of time.

There remains only the question whether such conduct is misconduct of sufficiently substantial nature to justify removal. That is largely a matter of judgment, and, unless arbitrarily exercised, must be left to the judgment of the board. Section 243 of the Executive Law provides: " Parole officers shall be selected because of definite qualifications as to character, ability and training and primarily, with regard for their capacity and ability for influencing human behavior; they shall be persons likely to exercise a strong and helpful influence upon persons

placed under their supervision." It follows that these initial qualifications should continue during service. A parole officer is a representative of the Division of Parole and of the State of New York. The Parole Board is responsible for his conduct, the example which he sets and the impressions which he makes with the public. In the interest of efficiency and public confidence in the parole system the board must be given considerable lattitude in determining what it considers conduct which reflects unfavorably upon the system. Though petitioner may have in other respects performed his duties efficiently and satisfactorily during his tenure, we may not say, as a matter of law, that the board exceeded its authority in acting as it did upon the evidence before it.

The order should be affirmed, without costs.

FOSTER, P. J., BERGAN, HALPERN and ZELLER, JJ., concur.

Order affirmed, without costs.