In the Matter of Hill, Thompson & Co., Inc., Petitioner, against Allen J. Goodrich et al., Constituting the Tax Commission of the State of New York, Respondents.

Third Department, November 16, 1955.

*Leo Brady* and *Irving Ballen* for petitioner.

*Jacob K. Javits, Attorney-General* (*George H. Rothlauf* and *James O. Moore, Jr.,* of counsel), for respondents.

*Per Curiam.* Petitioner is engaged in the business of dealing in securities, and on occasions acts as underwriter of securities. On May 19, 1950, petitioner entered into an underwriting agreement with Allied Electric Products, Inc., hereinafter called "company," by the terms of which the company agreed to sell and petitioner agreed to make a public offering of an original issue of 160,000 shares of preferred stock and 80,000 shares of common stock of the company, in units of one share of preferred stock and one-half share of common stock for $7.50 per unit, and 20,000 shares of common stock at $4.50 per share. The company agreed to compensate petitioner at the rate of $1.25 for each such unit sold and 75¢ for each share of common stock sold, which could be deducted by petitioner when payment was made for the stock. The agreement did not obligate petitioner to sell or to purchase the entire issue, but only to use its "best efforts" to sell. Actually the entire issue was purchased from the company. When petitioner obtained orders from ultimate purchasers it purchased stock equalling the amount of the orders from the company, paying the company in full therefor, and caused the stock to be issued in its own name. Subsequently, if and when payment was made to petitioner therefor in "good funds" the stock was transferred by petitioner to the eventual purchaser.

The Tax Commission has assessed a stock transfer tax upon the transfers of stock from petitioner to the ultimate purchasers, and has sustained such an assessment after a hearing. Petitioner contends that these transfers were exempt from the stock transfer tax under paragraph (g) of subdivision 5 of section 270 of the Tax Law, which provides that the stock transfer tax shall not apply to "Deliveries or transfers to a broker for sale, or deliveries by or transfers from the name of a broker to a customer for whom and upon whose order he has purchased the same". The State Tax Commission has found as a fact, however, "That the said shares so indorsed and delivered by Hill, Thompson & Co., Inc., to the purchasers thereof were not purchased by Hill, Thompson & Co., Inc., from Allied Electric Products, Inc. for and upon the order of the purchasers thereof." The only question presented by this appeal is whether there is any substantial evidence to sustain such a finding,

We think that when the Legislature exempted from the stock transfer tax " deliveries by or transfers from the name of a broker to a customer for whom and upon whose order he has purchased the same " it did not contemplate such a situation as here presented. A fair construction of the legislative language would seem to contemplate only a situation where the broker was acting for the purchaser only and, as the agent and broker for the purchaser, acquired the specific stock ordered and received his compensation from the purchaser. Here, concededly, petitioner was acting primarily as the agent of the company, received its compensation from the company, and was under an obligation to the company to use its " best efforts " to sell the entire original issue. Petitioner was at least under a moral obligation to the company to sell the entire issue.

It seems clear that there was some purpose in having the certificates issued in the name of the petitioner in the first instance. It left the petitioner free to transfer the stock to whom it pleased. It was under no obligation to the purchaser as agent of the purchaser to transfer any specific certificate to the purchaser. In some instances there were cancellations of orders, and petitioner as absolute owner, was free to transfer the stock to others. If payment was not made in " good funds " petitioner was free to transfer the stock to others. In some instances petitioner sold the stock for more than the price agreed upon with the company, and, as absolute owner, was presumably free to sell the stock for any price it could get.

While it is true that the evidence presented at the hearing is undisputed, it was within the sole province of the Tax Commission to draw such inferences as flow logically from the facts established, and this record would permit the Tax Commission to determine the relationship of petitioner to the parties as it did, under the terms of the underwriting agreement between petitioner and the company. " Where from the evidence either of two conflicting inferences may be drawn, the duty of weighing the evidence and making the choice rests solely upon the Board." (*Matter of Stork Restaurant* v. *Boland,* 282 N. Y. 256, 267. See, also, *Matter of Miller* v. *Kling,* 291 N. Y. 65, and *Matter of Humphrey* v. *State Ins. Fund,* 298 N. Y. 327.)

We think that the evidence permits an inference that upon payment in full to the company for the stock and the issuance of a certificate in its own name petitioner became the absolute owner thereof, and did not hold the same solely as agent for the purchaser. The record is adequate to sustain the finding of the Tax Commission as a fact that the shares involved here

"were not purchased by Hill, Thompson & Co., Inc., from Allied Electric Products, Inc. for and upon the order of the purchasers thereof."

The determination should be confirmed, with $50 costs.

FOSTER, P. J., BERGAN, COON, HALPERN and ZELLER, JJ., concur.

Determination confirmed, with $50 costs.