## SECOND DEPARTMENT, JULY, 1958

## (July 1, 1958)

■ In the Matter of SUNLAND BEVERAGE CORP., Petitioner, against THOMAS E. ROHAN et al., Constituting the State Liquor Authority, Respondents.— Proceeding to review a determination of the State Liquor Authority revoking a wholesale beer license. The proceeding has been transferred to this court pursuant to section 1296 of the Civil Practice Act. Determination annulled, without costs, and matter remitted to respondents for reconsideration and imposition of a lesser penalty. We determine that respondents abused their discretion in revoking the license. The attorney for respondents agreed at the hearing that guilt of charges other than those numbered 1 and 2 did not warrant revocation. Charges 1 and 2 relate to an undisclosed arrest and conviction of petitioner's president, in 1928 in another State, of being a "suspicious person". He has had an unblemished record since 1928, inclusive of the past 24 years during which petitioner has conducted its wholesale beer business. Revocation is an excessive punishment. Murphy, Ughetta and Hallinan, JJ., concur; Nolan P.J., and Beldock, J., dissent and vote to confirm the determination, with the following memorandum: The determination sought to be reviewed was made on the basis of substantial evidence that false and material statements had been made in the original and renewal applications for the license which was revoked (cf. *Matter of Humphrey* v. *State Ins. Fund,* 298 N. Y. 327, 332; *Matter of Miller* v. *Kling,* 291 N. Y. 65, 69), and there

was, in our opinion, no abuse of discretion by respondents in their determination that the license should be revoked (cf. *Matter of Stolz* v. *Board of Regents*, 4 A D 2d 361, 364).