In the Matter of MAGIC TOUCH REST., INC., Petitioner, v. STEPHEN P. KENNEDY, as Commissioner of the Police Department of the City of New York, Respondent.— Proceeding under article 78 of the Civil Practice Act to review a determination of the respondent, Police Commissioner of the City of New York, revoking petitioner's cabaret license. The proceeding has been transferred to this court for disposition (Civ. Prac. Act, § 1296, subd. 7). Determination revoking said license annulled, without costs, and matter remitted to respondent for further proceedings consistent herewith. Prior to April 24, 1959, petitioner was directed to show cause why its cabaret license should not be revoked for permitting known criminals to frequent the licensed premises on February 28, 1959. On April 24, 1959, the charge that it had permitted such use of its premises was sustained with respect to one of the criminals named therein who was the brother-in-law of petitioner's sole stockholder. Petitioner's cabaret license was suspended for five days, execution of the suspension was withheld, and petitioner was warned that future violations

might result in suspension or revocation of its license. On October 16, 1959, petitioner was further directed to show cause why its license should not be suspended or revoked for permitting known criminals to frequent its premises and for failure to notify the Division of Licenses with respect to "undisclosed ownership" of the premises by the said brother-in-law. On the hearing of the latter charges, over petitioner's objection, evidence was adduced with respect to the occurrence which had been the subject of the prior proceeding, and with respect to a number of automobiles, owned by persons having criminal records, which were found on various occasions parked in the public streets near the licensed premises. The determination sought to be reviewed sustains both the charge of permitting criminals to frequent the licensed premises and the charge of failing to report ownership of the premises in the person named as the undisclosed owner. The determination is based on findings that on April 21, 1959 (obviously intended to refer to the occurrence of February 28, 1959) said person and two other known criminals were arrested on the premises for violation of subdivision 11 of section 722 of the Penal Law, and that the automobiles of numerous known criminals were parked adjacent to the licensed premises. There is in the record not even a scintilla of evidence that (other than petitioner's sole stockholder) anyone had any financial interest whatever in the licensed premises; and there is no evidence that (other than the said brother-in-law) the owners of any of the automobiles parked near the premises had ever been in petitioner's cabaret, except on the occasion of February 28, 1959, which was the subject of the prior charges. There was substantial evidence to support the determination that said brother-in-law had been permitted to frequent the premises prior to the date of the hearing (April 21, 1959) of the prior charges; but in our opinion there is no substantial evidence that he was permitted to frequent them after said date, or that any other known criminal was permitted to frequent them at any time. Nor is it clear from the record whether, in deciding upon the revocation of petitioner's license, it was respondent's intention to consider evidence as to occurrences prior to said date. Moreover, as to the occurrence of February 28, 1959 (erroneously referred to in the findings as April 21, 1959) the doctrine of *res judicata* applies so as to forbid the reopening of the issues determined by respondent as the result of the prior charges (cf. *Matter of Evans* v. *Monaghan*, 306 N. Y. 312, 323). Under all the circumstances, although we are aware of the limitations of our power of review (cf. *Matter of Miller* v. *Kling*, 291 N. Y. 65), we believe that the interests of justice require that the matter be remitted to respondent for a further hearing so that the issues may be decided and respondent's discretion exercised on the basis of the competent proof heretofore submitted and on the basis of such other evidence as may be available. Nolan, P. J., Beldock, Kleinfeld, Christ and Pette, JJ., concur.