■ In the Matter of the CITY OF NEW YORK, Appellant-Respondent, Relative to Acquiring Title to Real Property on the Lines of Rockaway Point Boulevard and other Streets in the Borough of Queens. In the Matter of the CITY OF NEW YORK, Appellant-Respondent, Relative to Acquiring Title to Real Property on the Lines of Beach 222nd Street, Queens and Other Streets in the Borough of Queens. ATLANTIC IMPROVEMENT CORPORATION, Respondent-Appellant.— Two first separate and partial final decrees of the Supreme Court, County of Queens, both dated February 14, 1969, one as to damage parcels 1 to 16, inclusive, 16 A, 16 B, 18, 19 and 20, and the other as to damage parcels 22 to 34, inclusive, affirmed insofar as appealed from, without costs. In affirming the above decrees we are not unmindful of the recent decision by the Court of Appeals in *Matter of the City of New York (Manhattan Civic Center Area — Boehm; Duane Reade Corp.)* (27 N Y 2d 518, affg. 32 A D 2d 530), which, by its affirmance, determined the interest rate in situations comparable to the one at bar to be 6% beginning August 1, 1966. In this respect we note that in the instant proceedings Special Term, by its decision dated January 27, 1969, stated that, in view of the cases now on appeal on the question of the maximum rate of interest, the final decree " shall not prejudice the claimant seeking a modification thereof in the event that the appellate courts should allow interest at a rate in excess of that presently permissible." Absent an express provision for interest in the decrees presently before us and absent a request in the briefs for a modification of the decrees so as to include permissible interest, the parties are relegated to seeking such modification with respect to interest as they may be advised. Rabin, Acting P. J., Hopkins, Martuscello and Brennan, JJ., concur. (Beldock, P. J., deceased.)

■ In the Matter of ANTHONY DATTOLO, Petitioner, v. CHARLES BUCKMAN, as Director of Kings Park State Hospital, Respondent.— In a proceeding pursuant to article 78 of the CPLR to annul respondent's determination, dated June 30, 1969, which demoted petitioner from his position of Staff Attendant to that of Attendant, in the employ of Kings Park State Hospital, determination confirmed and proceeding dismissed on the merits, without costs. In our opinion, the determination is supported by substantial evidence (*Matter of Stork Rest.* v. *Boland*, 282 N. Y. 256; *Matter of Miller* v. *Kling*, 291 N. Y. 65). Nor is the measure of discipline imposed too severe in the circumstances (cf. *Matter of Corgel* v. *Loos*, 286 App. Div. 583; *Bergman* v. *O'Neill*, N. Y. L. J., Apr. 26, 1968, p. 17, col. 5). Christ, P. J., Rabin, Hopkins, Munder and Benjamin, JJ., concur.