THE PEOPLE OF THE STATE OF NEW YORK ex rel. DANIEL C. MOYNIHAN, Appellant, v. FRANCIS V. GREENE, as Commissioner of Police of the City of New York, Respondent.

EVIDENCE. The testimony of a police captain, who was charged with neglect of duty and was sworn in his own behalf, that after long service he had acquired considerable property, which testimony was elicited by the prosecution for the purpose of creating a suspicion or impression that he must have obtained the property dishonestly, in the absence of any other evidence to that effect, does not support the charge, and constitutes reversible error.

*People ex rel. Moynihan* v. *Greene,* 94 App. Div. 287, reversed.

(Argued October 4, 1904; decided October 18, 1904.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered May 17, 1904, which dismissed a writ of certiorari and affirmed the proceedings of defendant in dismissing the relator from the position of captain in the police department of the city of New York.

The facts, so far as material, are stated in the opinion.

*William C. De Witt* and *Hersey Egginton* for appellant. Where, upon all the undisputed facts of the case, the judgment is unjust and has been reached through errors in the admission of prejudicial testimony, to deny the power of this court to set it aside is to challenge its right to administer justice. (*State* v. *Middlesex,* Coxe, 244; *People* v. *Bd. of Police,* 39 N. Y. 506; *People ex rel.* v. *Smith,* 45 N. Y. 772.) The commissioner had no right to remove the relator for cause not appearing in the charge preferred and not embraced within the issue that was tried. He could not convict him of one thing and remove him for another. (*People ex rel.* v. *Humphrey,* 156 N. Y. 231; *People* v. *Molineux,* 168 N. Y. 264; *People ex rel.* v. *Elmendorf,* 42 App. Div. 306; *People ex rel.* v. *Police Comrs.,* 155 N. Y. 40.) The evidence failed to show any breach of discipline or conduct unbecoming an officer; and, as the facts admit of no inference of guilt, of conscious breach of discipline or violation of rule, the case presented a question of law reviewable by the Appellate Division on certiorari, and also reviewable here. The offense must be conscious, voluntary, blamable, and, in some way, due to the officer's fault. (*People ex rel.* v. *French,* 119 N. Y. 493; *People ex rel.* v. *French,* 119 N. Y. 502; *People ex rel.* v. *Greene,* 89 App. Div. 296.)

*John J. Delany, Corporation Counsel (Theodore Connoly and Terence Farley of counsel),* for respondent. All of the specifications are amply sustained by competent testimony. (*People ex rel.* v. *French,* 110 N. Y. 494; *People ex rel.* v. *York,* 53 App. Div. 336; *People ex rel.* v. *McClave,* 32 N. Y.

1904.]     People ex rel. Moynihan *v.* Greene.     255

N. Y. Rep.]     Opinion of the Court, per O'Brien, J.

S. R. 513.)   Unless it appears that the erroneous exclusion or admission of testimony materially affected the result which was reached the exceptions cannot be considered.  (*Matter of Cross*, 85 Hun, 343 ; *People ex rel.* v. *French*, 16 N. Y. S. R. 1012; *People ex rel.* v. *French*, 23 N. Y. S. R. 384; *People ex rel.* v. *Roosevelt*, 23 App. Div. 578; *People ex rel.* v. *Scannell*, 80 App. Div. 320 ; *People ex rel.* v. *Scannell*, 56 App. Div. 51.)

O'Brien, J.   The relator was removed from the police force of the city of New York upon charges which were in writing and appear in the record.   The relator entered the army as a drummer boy in 1861, and served in the Union army during the war, and was honorably discharged as a major of his regiment.   He was appointed to the police force in 1876 as a patrolman ; was subsequently promoted to the grades of roundsman and sergeant, and finally, in 1896, was appointed a captain of police.   During the twenty-six years that he served on the police force his record contains only two trivial charges against him, until the year 1902, when the present charges were made.

The charge was for neglect of duty and the alleged offense is based upon the following facts : It seems that in May preceding these charges one Beck had been detailed as a patrolman of the department at a recreation pier and that the relator, without the consent of the police commissioner, withdrew him from duty at the pier and detailed him to perform certain repairs, or mechanical work, in or about the station house of the 29th precinct.   Beck was a carpenter and the work which the relator detailed him to perform was the repairing of certain ballot boxes which were in his charge.   It appears that the relator omitted to make a report of the removal of Beck from the pier to duty at the station house.   This was substantially all that the charges contained, although the proof at the trial took a much wider range.   There was some evidence to support the charge, and if the trial was otherwise fair and regular this court would perhaps feel bound by the determina-

tion of the commissioner upon the facts, although the charge embraced an offense purely technical only, without any intent on the part of the relator to defy or disregard the rules of the department or the authority of his superiors on the force.

On the trial the relator was a witness in his own behalf and the counsel for the prosecution was permitted, under the relator's objection, to prove a great number of facts that were entirely foreign to the issue. The evidence which the prosecution insisted upon putting into the case, in this respect, was clearly incompetent and grossly unfair to the relator. It was permitted to ask the relator what real estate he possessed, where it was located, its character and value. From this testimony it appeared that the relator owned various blocks, houses or pieces of real estate in various parts of the city. He was then required to testify to the amount of his salary during the time he was upon the force, to the number of his children and to the expenses of his family and other things equally foreign to the issue. This testimony could have but one purpose, and that was to create a suspicion or impression in the mind of the trial court that the relator must have obtained the moneys with which to acquire this property dishonestly — that is, by receiving bribes, or in some other way involving moral turpitude. He was not charged with any thing of that kind, and hence should not have been required to answer such questions.

It is quite true that in cases of this kind, where charges of misconduct on the part of an officer have been fairly established by the proofs, this court will not interfere for every technical error that may have been committed by the commissioner in the progress of the investigation ; but where the errors are of such a character as to show that the trial was not fair it is the duty of this court to review the case and to reverse the determination. (*People ex rel. Shiels* v. *Greene,* 179 N. Y. 195.) It was no doubt competent to require the relator to answer any questions that tended to discredit him as a witness in his own behalf, but the questions propounded were not at all of that character. He was not asked whether he had ever

received any bribe, or taken money dishonestly, or in violation of his duty. The questions were so framed as to create by the answers merely a prejudice or suspicion of wrongdoing on his part. The fact that the relator, after a long service on the force, had acquired considerable property in no way tended to discredit him. The acquisition by a person in humble circumstances of property in his old age is not a badge of dishonesty which affects his credibility as a witness. We do not know how the relator acquired it, whether by inheritance, prudence and economy, or otherwise.

Upon a careful examination of the record it is very difficult to resist the conclusion that the relator was discharged from the force, not by reason of a technical violation of the rules, or a neglect of duty as described in the charges, but on the ground that he was so thrifty in acquiring property as to create a suspicion that he had been guilty of offenses of a much greater magnitude, with which he was not charged.

We think the order of the Appellate Division and the determination of the commissioner should be reversed and a new trial granted, with costs to appellant in all courts.

CULLEN, Ch. J., HAIGHT, MARTIN, VANN and WERNER, JJ., concur; GRAY, J., absent.

Order reversed, etc.