In the Matter of MARTIN C. BURKE, Respondent, against EDGAR BROMBERGER, as Chief City Magistrate of the City of New York, Appellant.

Argued November 30, 1949; decided December 29, 1949.

*John P. McGrath, Corporation Counsel* (*Henry J. Shields* and *Seymour B. Quel* of counsel), for appellant. I. Since there was substantial evidence in support of the charges, the Appellate Division was not warranted in reversing the Chief Magistrate's determination. (*People ex rel. Brown* v. *Greene*, 106 App. Div. 230, 184 N. Y. 565; *People ex rel. Guiney* v. *Valentine*, 274 N. Y. 331; *Matter of Miller* v. *Kling*, 291 N. Y. 65; *Matter of Humph-*

*rey* v. *State Ins. Fund,* 298 N. Y. 327; *Matter of Donahue* v. *Fletcher,* 299 N. Y. 227.) II. The Appellate Division erred (1) in assuming that the charges specified acts committed in the performance of petitioner's duties, and (2) in basing its determination that there was no substantial evidence in support of the charges upon considerations which should not properly enter into such determination, such as the fact of petitioner's long service record and the testimony of character witnesses. (*People ex rel. Wood* v. *Department of Health,* 144 App. Div. 628, 202 N. Y. 610; *People* v. *Ware,* 29 Hun 473, 92 N. Y. 653; *People* v. *Murphy,* 135 N. Y. 450.)

*Edward S. Blackstone, Herman Katz* and *Stanley Ide Lacov* for respondent. The evidence in support of dismissal of petitioner, is incredible, insubstantial, contrary to the overwhelming weight of evidence and is insufficient, and was so held by the Appellate Division. (*Sharkey* v. *Thurston,* 268 N. Y. 123; *New York State Labor Relations Bd.* v. *Shattuck Co.,* 260 App. Div. 315; *Matter of Case,* 214 N. Y. 199.)

DESMOND, J. Petitioner-respondent, a clerk in a New York City Magistrate's Court, was dismissed from his position by the Chief Magistrate, after a long hearing, on charges that petitioner had struck up an improper relationship with, and had assaulted, a woman whom he had met when she came to the court seeking help or advice. Complainant testified before the Chief Magistrate that petitioner, a married man, told her he was a bachelor and called at her home a number of times, and assaulted her on one of those visits. She had brought a criminal charge of rape against him but that was later dismissed. She says he begged her to withdraw that criminal charge and, to induce her to do so, bought her a watch; he admits he did purchase a watch for her at about that time. He admits visiting her at her home, but for innocent reasons, and denied assaulting her. He admits writing her several letters which could be interpreted as arrangements for daytime visits to her apartment. The Chief Magistrate found him guilty and dismissed him from his position with the court.

The Appellate Division annulled the determination, finding no substantial evidence to support the charges, and rejecting the complainant's testimony as " unsupported, confused, contradictory and incredible ". (275 App. Div. 762, 763.)

The charges were certainly substantial and the complainant's story, believed by the hearing officer, constituted substantial, positive evidence thereof. There were contradictions and confusion, as to details, in that testimony, but it was not impossible or incredible, and in refusing to give any effect to it, the Appellate Division was substituting its views, on a question of fact, for that of the Chief Magistrate who heard the witnesses. Nothing is better settled than that the court had no such power in such an article 78 proceeding (*Matter of Miller* v. *Kling,* 291 N. Y. 65; *Matter of Humphrey* v. *State Ins. Fund,* 298 N. Y. 327; *People ex rel. Guiney* v. *Valentine,* 274 N. Y. 331).

It may be that the complainant testified falsely. It is true that a number of judicial officers testified as to petitioner's good character and long, satisfactory services. But all that was before the Chief Magistrate, whose responsibility it was to determine, since there was evidence substantial though contradicted, where the truth lay and whether the charges had been sustained.

The order of the Appellate Division should be reversed, and the determination of the Chief City Magistrate of the City of New York confirmed, without costs.

Lewis and Conway, JJ., dissent in the following memorandum: While we may not substitute our judgment for that of the removing officer, we can and must determine whether the person alleging incompetency or misconduct has sustained the burden of proof, under subdivision 1 of section 22 of the Civil Service Law, by "substantial evidence". (*Matter of Miller* v. *Kling,* 291 N. Y. 65, 69.) In the instant case, in view of the confused, conflicting and self-contradictory testimony of the sole witness for appellant, the lack of corroboration of essential particulars of her story, and the undisputed evidence of petitioner's good character and unblemished record of forty-two years in the public service, we cannot agree that the burden of proof was here sustained by substantial evidence. (*Matter of O'Kelly* v. *Hill,* 286 N. Y. 593.)

Loughran, Ch. J., Dye, Fuld and Bromley, JJ., concur with Desmond, J.; Lewis and Conway, JJ., dissent in memorandum.

Order reversed, etc.