GOLD PLASTERING CO. INC., Respondent, v. 200 EAST END AVENUE CORP., Appellant.— In an action to recover damages for breach of a contract to furnish lathing and plastering work, order denying defendant's motion for leave to serve a supplemental answer reversed, with $10 costs and disbursements, and the motion granted, without costs. The defense-first counterclaim is sufficient as a matter of pleading, and determination of its legal effect will have to await the evidence. Inasmuch as the rules for decision of claims by extrajudicial means are incorporated only by reference in the plastering contract, the binding effect of the rules is to be determined on the knowledge of the parties as to the existence of such rules. (*Matter of Level Export Corp.* [*Wolz, Aiken & Co.*], 280 App. Div. 211, 214.) The second counterclaim should have been permitted as an exercise of discretion on the facts and circumstances. (Civ. Prac. Act, § 245-a.) Johnston, Acting P. J., Adel, Wenzel, MacCrate and Schmidt, JJ., concur.

■

In the Matter of FREDA K. RALPH, Respondent, against BOARD OF ESTIMATE OF THE CITY OF NEW YORK et al., Appellants.— In a proceeding under article 78 of the Civil Practice Act, to review the determination of the board of estimate, City of New York, as head of the New York City Employees' Retirement System, in denying petitioner's application for an accidental death benefit (Administrative Code of City of New York, § B3–33.0), order annulling the determination reversed on the law, with $10 costs and disbursements, and the determination of the board confirmed. Inasmuch as the hearing was pursuant to statutory direction, the proceeding should have been transferred to the Appellate Division, but this court has considered the proceeding *de novo* on the merits. (Civ. Prac. Act, § 1296.) The record as presented does not disclose such a preponderance of proof in petitioner's favor as to require or authorize a contrary determination by the court. (Civ. Prac. Act, § 1296, subd. 7; *Matter of Burke* v. *Bromberger*, 300 N. Y. 248.) Nolan, P. J., Carswell, Johnston, Adel and Schmidt, JJ., concur.

■

In the Matter of IDA HAUSMAN et al., Appellants, to Remove to the Supreme Court, Kings County, an Action Now Pending in the City Court of the City of New York, Kings County, Entitled: "IDA HAUSMAN and JACOB HAUSMAN, plaintiffs, v. HOWARD FUEL CORP., defendant." HOWARD FUEL CORP., Respondent.— In this action by plaintiff wife to recover damages for personal injuries sustained by her, and by plaintiff husband to recover damages for expenses and loss of consortium, plaintiffs appeal from an order denying their motion to remove the action from the City Court of the City of New York to the Supreme Court, and for leave to amend their complaint so as to allege damages in greater amounts. Order reversed, with $10 costs and disbursements, and motion granted, without costs. The amended complaint is to be served within ten days after entry of an order hereon. In our opinion, the claim that plaintiff wife's back injury is grievous and permanent, which is supported by affidavits of her two physicians, was established prima facie. Johnston, Acting P. J., Adel, Wenzel, MacCrate and Schmidt, JJ., concur.