484

■ In the Matter of JOSEPH TESSIER, Petitioner, v. BOARD OF EDUCATION OF UNION FREE SCHOOL DISTRICT NO. 5, TOWN OF HEMPSTEAD, Respondent.— Proceeding pursuant to article 78 of the former Civil Practice Act, by a teacher to review and to annul a determination of the respondent Board of Education, made March 12, 1963 after a hearing, which dismissed the petitioner from his position as of January 11, 1963. By order of the Supreme Court, Nassau County, entered September 16, 1963 pursuant to statute (CPLR 7804, subd. [g]), the proceeding has been transferred to this court for disposition. Determination modified on the law and on the facts and in the exercise of discretion, by reducing the punishment imposed from a dismissal to a suspension of the petitioner without pay from his position as a teacher for a period of one year commencing as of January 11, 1963. As so modified, determination confirmed, without costs. Although the circumstances are extremely questionable and the testimony of the complaining witnesses is far from convincing, we cannot say that the respondent's determination finding the petitioner guilty of the charges herein is not supported by some substantial evidence (*Matter of Burke* v. *Bromberger*, 300 N. Y. 248). Accordingly, in such situation, we do not have the power to disturb that finding. It is our opinion, however, under all the circumstances presented by this record, that the drastic penalty of dismissal constitutes excessive punishment and that the penalty of one year's suspension with loss of pay, as here imposed, is adequate (cf. *Matter of Mitthauer* v. *Patterson*, 8 N Y 2d 37, 41; *Matter of Stolz* v. *Board of Regents*, 4 A D 2d 361, 364–365; *Matter of McGinnis' Rest.* v. *Rohan*, 6 A D 2d 115, 118, affd. 6 N Y 2d 770). In the very words of the respondent's brief, the acts of the petitioner " are not instances of forceable assault but rather instances of imprudent display of affection or the offer of attention." In the past, a censure for such acts has been deemed sufficient punishment (cf. *Matter of Greenberg*, 69 N. Y. St. Dept. Rep. 50). Beldock, P. J., Christ, Hill and Rabin, JJ., concur; Benjamin, J., dissents and votes to annul the determination *in toto* and to grant the petition, with the following memorandum: Petitioner has a long, unblemished, creditable record both as a teacher and prior thereto. The principal evidence against him was given by two teen-age girls. In the light of all the circumstances, their testimony was extremely weak and doubtful; it did not constitute substantial evidence from which an inference may fairly be drawn or from which a finding may fairly be made that petitioner committed the acts charged. In my opinion, the acts of misconduct charged were so innocuous and inconsequential and the proof in support of such acts was so insubstantial that as a matter of law the charges should be dismissed and the petitioner reinstated to his position as of the date of his dismissal. As stated in *Matter of Playdium* v. *O'Connell* (276 App. Div. 14, 17, affd. 301 N. Y. 538): " A finding of an administrative agency ' is supported by the evidence only when the evidence is so substantial that from it an inference of the existence of the fact found may be drawn reasonably.' (*Matter of Stork Restaurant, Inc.*, v. *Boland*, 282 N. Y. 256, 273.) Insufficient evidence, it has frequently been held, is, in the eyes of the law, no evidence. (*Matter of Case*, 214 N. Y. 199, 204.) " (See, also, *Blum* v. *Fresh Grown Preserve Corp.*, 292 N. Y. 241, 245, 246.)