Carmine A. Ventiera, J.
In this article 78 of the CPLR proceeding petitioner seeks to review, reverse and annul a determination of the respondent New York State Department of Social Services which affirmed the determination of the New York City Department of Social Services denying petitioner’s ■request for an increased allowance for kosher food.
Petitioner is the recipient of a grant of aid to dependent children on behalf of herself and her infant child. She is an orthodox, observant Jew and contends she requires additional money to purchase kosher foods which are more expensive than nonkosher foods. She asked that the New York City Depart *505 ment of Social Services grant her an increased food allowance to enable her to purchase such food. This request was denied and she thereafter obtained a fair hearing from the respondent New York ¡State Department of Social Services on July 5, 1968, before a Referee. After taking the testimony of petitioner, the case worker and two supervisors of the New York City Department of Social Services, the respondent affirmed the determination of the New York City Department of Social Services, and in its decision stated, inter alia, that “ The agency properly refused to include a supplemental allowance for kosher foods in the regularly recurring grant in the absence of a State law or regulation of the State Department of Social Services authorizing an allowance or special grant supplementing the regular food allowance, for religious purposes.”
The petitioner contends that subdivision C of section 349 and paragraph (a) of subdivision 1 of section 350 of the Social Services Law (formerly Social Welfare Law) require that she be granted an allowance sufficient to purchase an adequate amount of kosher food and that a denial of such a grant is a violation of her guarantee of freedom of religion and the equal protection of the laws under the Federal and State Constitutions.
These contentions are untenable. Subdivision C of section 349 of the Social Services Law provides: “In making such allowances consideration shall be given to the ability of the relative making application and of any other relatives to support and care for or to contribute to the support and care of such child or minor. In making all such allowances it shall be made certain that the religious faith of the child or minor shall be preserved and protected.”
Paragraph (a) of subdivision 1 of section 350 of the Social Services Law provides: “Allowances shall be adequate to enable the father, mother or other relative to bring up the child or minor properly, having regard for the physical, mental and moral well-being of such child or minor. Allowances shall provide for the maintenance of one or both parents if in need and in the home and for the maintenance of the other relative if he or she is without sufficient means of support, provided such parent, parents and relative are not receiving old age assistance, assistance to the blind or aid to the disabled for which they are eligible. The public welfare official may, in his discretion, make the incapacitated parent the grantee of the allowance and when allowances are granted for the aid of a child or children due to the unemployment of a parent, such official may make the unemployed parent the grantee of the allowance.5 ?
*506 Upon a careful scrutiny of the aforesaid sections of the Social Services Law, the court is of the opinion that there, is no basis for the authorization of a supplemental allowance for kosher foods. Subdivision C of section 349 deals with allowances and the ability of a relative to support and care for a child who is the recipient of aid and that the religious faith of the child be preserved and protected. Paragraph (a) of subdivision 1 of section 350 deals with the adequacy of the allowance to enable the parents or a person to whom the child is entrusted to bring him up properly.
Supplemental food allowances are permitted for a pregnant woman, whenever a special diet is recommended by a physician, and for tuberculosis patients in the home. Restaurant allowances are permitted for persons unable to prepare meals at home (ch. VII, Public Assistance Grants, Department of Social Services of the City of New York, subd. A, Items of Need, § 193; Regulations of the New York State Department of Social Services, § 352.4; 18 NYCRR 352.4). However, neither religious, racial nor ethnic requirements and preferences are considered as a need requiring any additional food allowance in the regular recurring grant. The food allowance is computed to provide adequately for the basic nutritional food needs of a person or household and it is incumbent upon each .person or household to establish his or its own priorities as to food preferences, both with respect to quality and quantity, within the framework of the regular grant. Moreover, in the case at bar, there is nothing in the record at the fair hearing to indicate that the petitioner had any medical requirement for additional food allowances, nor did she meet any of the regulatory provisions for a special food allowance.
While the court is sympathetic to the petitioner’s plight in her adherence to the tenets of her faith, nevertheless it is bound by existing law. Petitioner, however, could have requested and received additional assistance from the great number of charitable organizations that daily service the Jewish communities and others in need. Many Jewish organizations exist which are willing and anxious to assist observant, orthodox Jews requiring supplemental funds for the purchase of foods which are not available through the normal grant of the local government welfare agencies.
The primary responsibility for carrying out legislation relating to the relief and support of the indigent has been entrusted by the Legislature to an administrative agency. Such responsibility is presently vested in the respondent, Commissioner of the State Department of Social Services. The reasoning of the *507 Legislature on this issue is clear. The determination of what aid and care are necessary to sustain the needy is one that varies from locality to locality and from time to time and from individual to individual. The matter is one peculiarly suited to administrative, rather than legislative or judicial determination. Under statute (Social Services Law, § 355, subd. 3), it is the Commissioner, not the court, who is empowered to make regulations (Matter of Marquez v. Barbaro, decided by Albert, J., Sup. Ct., Nassau County, Special Term, Part I, Dec. 21, 1967, Index No. 14365/1967).
In the instant case a thorough review of the entire record reveals that there was substantial evidence to support the factual findings and determination of the respondent (Matter of Donahue v. Fletcher, 299 N. Y. 227). Therefore, the court will not attempt to substitute its judgment for that of the hearing officer (Matter of Burke v. Bromberger, 300 N. Y. 248).
Accordingly, inasmuch as the determination of the respondent is not arbitrary, erroneous or contrary to law, it is confirmed and the petition is dismissed.