In the Matter of ROBERT G. AUSTIN, JR., Petitioner, *v.* ROBERT B. HOWARD, JR., as Fire Commissioner of the City of Buffalo, Respondent.

Fourth Department, May 18, 1972.

*Rachlin & Rachlin* (*Lauren D. Rachlin* of counsel), for petitioner.

*Anthony Manguso, Corporation Counsel* (*Anthony Gregory* of counsel), for respondent.

MARSH, J. P.   Charges were laid by a Battalion Chief against petitioner, a Buffalo city fireman, specifying that the accused failed to obey an order from his superior officer to discontinue wearing tan boots in violation of a rule requiring the wearing of black shoes while on duty; that the accused was ordered to appear before the Fire Commissioner in full uniform but appeared in tan boots and that the accused while on duty wore tan boots in place of black shoes.   Such conduct was alleged to be in violation of the rules and regulations of the Buffalo Fire Department requiring members to obey promptly all orders and commands and to observe all rules and regulations. Petitioner answered, denying any willful violation of the rules, and pursuant to article XI of the agreement between the city and the Firefighters' Association, an informal hearing was held by the Commissioner.   He found petitioner guilty of all of the charges presented, suspended him for 60 days with loss of pay, and transferred him to the Fire Prevention Bureau.   A formal hearing was thereafter held before an arbitrator, who, by the terms of the employment agreement, was empowered to and did make his findings and recommendations which were referred to the department head for review and decision.   In a lengthy report the arbitrator found on undisputed evidence that petitioner had failed to wear the uniform shoes as required by the rules and ordered by his superior officer and had worn instead boots of the highheeled "cowboy" variety, and made

the further findings that petitioner's uniform shoes were in a repair shop on the days of the alleged violations, that petitioner had had a verbal altercation with his Battalion Chief concerning an alleged shortage of crew in his engine company, and had demanded that the crew shortage be corrected immediately or else "he was going to send registered letters to 11 different places" including radio stations, newspapers and public officials, and further, that petitioner wore his hair long and had a part-time moonlighting job at a vending machine company. He also found that the wearing apparel regulations were not enforced with such 100% regularity that charges are brought for each and every infraction, although it appeared undisputed that by and large members of the department conformed to regulations without serious complaint or objections. The arbitrator concluded that the circumstances surrounding the disciplinary action raised a presumption of discriminatory and arbitrary treatment and that the city had failed to rebut the presumption. While noting that he "fully recognized that the testimony and other evidence might warrant the characterization of Austin as childishly incorrigible, attention seeking, contemptuous, and blithely irresponsible", the arbitrator recommended dismissal of the charges, reinstatement of petitioner without loss of rights or privileges and payment of his back salary from the day of his suspension. The respondent Fire Commissioner, as he had a right to do under article XI, section 2 (d) of the agreement, upon consideration of the arbitrator's findings and recommendations found petitioner guilty as charged and fined him 60 days' pay.

While the arbitrator's report " is entitled to weight in determining the existence of substantial evidence particularly ' to the extent that material facts in any case depend on the determination of credibility of witnesses as shown by their demeanor or conduct at the hearing ' " (*Matter of Kelly* v. *Murphy*, 20 N Y 2d 205, 210), no substantial issue is presented in the record as to the facts material to the Commissioner's determination except as to whether or not the petitioner had black shoes available for wear at the times of the various alleged violations. On this point his testimony was contradicted by the testimony of his Battalion Chief, his Captain, and the Lieutenant who was his immediate superior. There being substantial evidence to support the determination of the Commissioner, his determination should not be disturbed (see *Matter of Burke* v. *Bromberger*, 300 N. Y. 248; *Matter of Stork Rest.* v. *Boland*, 282 N. Y. 256; CPLR 7803, subd. 4).

Upon a consideration of the whole record as it reveals the attitude and conduct of the petitioner and the requirements of discipline and rule enforcement in a large quasi-military organization such as the Buffalo Fire Department, the determination of the Commissioner and the discipline imposed were entirely warranted and did not constitute an abuse of his discretionary powers.

The determination should be confirmed, without costs.

GABRIELLI and CARDAMONE, JJ. (dissenting). The petitioner-appellant fireman was accused of wearing brown shoes rather than the black ones prescribed by the Fire Department Dress Code. He was found guilty by respondent Fire Commissioner of this charge and suspended for 60 days without pay (a fine which amounted to approximately $2,000). Petitioner demanded a hearing before an impartial arbitrator as provided in the agreement between the City of Buffalo and the Firefighters' Association. Following a full and comprehensive hearing, the arbitrator found the charges not sustained and recommended reinstatement without loss of pay. The record reveals that appellant was an outstanding firefighter with no previous disciplinary record. Further, there was ample testimony that the Dress Code was not invariably enforced.

Upon receipt of the impartial arbitrator's findings and recommendations, respondent, without referring to them, the hearing or the record, merely reaffirmed his previous determination as to petitioner's guilt and imposed the 60-day suspension without pay.

It thus seems quite plain that the record was ignored. This view is given further credence by respondent's attorney's comment upon oral argument that the arbitrator's report was entitled to "no weight".

Such view of the law is clearly erroneous. The rule in this State is set forth in *Matter of Kelly* v. *Murphy* (20 N Y 2d 205) which held, under similar circumstances, that an examiner's report is a part of the record and although not conclusive against being overruled by the Commissioner, is entitled to great weight particularly with respect to the issue of credibility since the Commissioner neither saw nor heard any of the witnesses (*Matter of Kelly* v. *Murphy, supra,* pp. 209–210, citing *Universal Camera Corp.* v. *Labor Bd.,* 340 U. S. 474, 487).

While a court should not ordinarily substitute its judgment for that of the administrative body, it must do so where the administrative determination is not supported by substantial evidence considering the record as a whole (*Matter of Burke* v. *Brom-*

*berger*, 300 N. Y. 248; *Matter of Stork Rest.* v. *Boland*, 282 N. Y. 256).

The severity of the fine (without any evidence that the Dress Code was invariably enforced) is persuasive proof that the determination made by the respondent Fire Commissioner does not find substantial support in the record.

WITMER and HENRY, JJ., concur with MARSH, J. P.; GABRIELLI and CARDAMONE, JJ., dissent and vote to annul the determination of the Commissioner and reinstate the findings and recommendations of the arbitrator in a memorandum.

Determination confirmed without costs.