■ In the Matter of WILLIAM J. FITZGERALD, Respondent, v ALFRED J. LIBOUS, as Mayor and Commissioner of Public Safety of the City of Binghamton, et al., Appellants.—Appeal from a judgment of the Supreme Court at Special Term, entered September 24, 1976 in Broome County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul appellants' determination dismissing petitioner from his employment for incompetency. On December 19, 1975 appellant Thomas J. Joseph, Chief of the Fire Bureau of the City of Binghamton, charged petitioner, a city fireman, with incompetence due to alcoholism for the stated purpose of causing his removal from the civil service of the city. Petitioner demanded a bill of particulars and instead, received a complete copy of his personnel file. At the hearing, petitioner's motion to dismiss due to the alleged failure to provide a bill of particulars and upon the ground that the charges were defective in that they lacked specificity was denied. The hearing officer sustained the charges and recommended dismissal from the service. Appellant Libous, Mayor of the City of Binghamton, adopted the hearing officer's decision. Petitioner then commenced this proceeding pursuant to CPLR article 78 to annul this determination. Special Term held that the charges were lacking in specificity and deprived petitioner of due process. It vacated the determination and ordered reinstatement. In our view, absolute specificity of charges of incompetence is not required. The relevant statute, section 75 of the Civil Service Law, does not mandate complete specificity. The cases cited by petitioner all deal with misconduct which should and must require specificity (cf. *Matter of Sowa v Looney,* 23 NY2d 329; *Matter of Sabatini v Kirwan,* 42 AD2d 1022; *People ex rel. Miller v Elmendorf,* 42 App Div 306). However, it is obvious that in competency cases, absolute specificity cannot be alleged. The important consideration must be whether the person has "a reasonable opportunity" to answer the charges and to make explanation *(Matter of Smith v McNamara,* 277 App Div 580, 583). We feel that petitioner did have a reasonable chance to meet the charges. The charges clearly placed his competence in issue, and sufficiently set forth allegations of petitioner's inability to make safe decisions and operate vehicles in the manner required by job specifications, his lack of awareness of firemanics and other essential information, and other deficiencies as manifestations of his alcoholism. The record contains substan-

tial evidence to support respondent's determination. Judgment reversed, on the law and the facts; determination confirmed and petition dismissed, without costs. Koreman, P. J., Greenblott, Kane, Mahoney and Herlihy, JJ., concur.