■ ROCHELLE ROSNER, Respondent, v MAIMONIDES HOSPITAL, Appellant, et al., Defendant.—In an action to recover damages resulting from an unlawful sexual attack upon plaintiff while a patient at Maimonides Hospital, the hospital appeals, as limited by its notice of appeal and brief, from stated portions of an order of the Supreme Court, Kings County, dated November 19, 1979, which, *inter alia,* struck so much of its first affirmative defense as alleged that plaintiff's second cause of action was barred by the one-year Statute of Limitations governing intentional torts. Order affirmed insofar as appealed from, without costs or disbursements. Special Term properly held that plaintiff's second cause of action was not barred by the one-year Statute of Limitations governing intentional torts. We note, however, that the second cause of action sets forth a cause of action in negligence and not, as found by Special Term, in contract. As such, it is governed by the three-year Statute of Limitations (see CPLR 214, subd 5). Hopkins, J. P., Damiani, Titone and Lazer, JJ., concur.

■ In the Matter of DOUGLAS N. ADAMSON, Petitioner, v HALDANE CENTRAL SCHOOL DISTRICT OF PHILIPSTOWN et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent board of education which, after a hearing, terminated petitioner's employment. Determination confirmed and proceeding dismissed on the merits, without costs or disbursements. The notice of charges sufficiently apprised petitioner of the charges against him so as to enable him to adequately prepare and present a defense (see *Matter of Fitzgerald v Libous,* 56 AD2d 981, affd 44 NY2d 660). The board's determination as to petitioner's incompetence is supported by substantial evidence (see *300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176). Furthermore, the penalty imposed (termination of employment) was not so disproportionate to the offenses as to be shocking to one's sense of fairness (see *Matter of Pell v Board of Educ.,* 34 NY2d 222). Hopkins, J. P., Titone, Lazer and Cohalan, JJ., concur.