■ In the Matter of GREEN CAB & BROKERAGE CO., INC., et al., Appellants, v CITY OF ROCHESTER et al., Respondents.— Judgment unanimously affirmed, without costs. Memorandum: Petitioners appeal from Special Term's judgment dismissing their petition in this CPLR article 78 proceeding to set aside a

determination of the Rochester Chief of Police who, after a hearing, denied their application for renewal of a livery license and revoked their hack plates. Once a licensing authority has rendered its decision, the courts will only intervene when " 'as a matter of law * * * *no* valid ground exists for [the] denial' " (*Matter of Barton Trucking Corp. v O'Connell,* 7 NY2d 299, 308; *Matter of Berger v Leach,* 103 AD2d 1018). At the hearing, petitioners stipulated to being convicted of two counts of offering a false instrument for filing in the first degree (Penal Law § 175.35) and petit larceny (Penal Law § 155.25). Since such evidence constitutes a valid ground for denial of the license renewal and revocation of the hack plates under Rochester City Code §§ 108-36, 108-37, the Police Chief did not abuse his discretion (*Matter of Barton Trucking Corp. v O'Connell, supra; Matter of Maytum v Nelson,* 53 AD2d 221). We find that the penalty imposed was not " ' "so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness" ' " (*Matter of Pell v Board of Educ.,* 34 NY2d 222, 233; quoted in *Schaubman v Blum,* 49 NY2d 375, 379). (Appeal from judgment of Supreme Court, Monroe County, Tillman, J.—art 78.) Present—Doerr, J. P., Boomer, O'Donnell, Pine and Schnepp, JJ.