■ AMARE BEZUNEH, Petitioner, v GORDON F. URLACHER, as City of Rochester Chief of Police, Respondent.—Determination unanimously confirmed and petition dismissed without costs. Memorandum: The Hearing Officer improperly received in evidence the results of the polygraph test administered to petitioner since no proper foundation established the reliability of the particular machine used and its proper functioning on the day the test was given. Further, the qualifications of the person who administered the test to petitioner were never demonstrated (see, Matter of Sowa v Looney, 23 NY2d 329, 333-334; cf., May v Shaw, 79 AD2d 970). The erroneous reception of this evidence, however, does not require that we annul respondent's determination because apart from this evidence the determination is supported by substantial evidence on the entire record (see, Matter of Sowa v Looney, supra, at 335; see also, 300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45 NY2d 176, 180-181). In view of the serious nature of petitioner's misconduct, we do not find the revocation of petitioner's taxicab license and hack plate to be so disproportionate to the offenses that it shocks our sense of fairness (see, Matter of Pell v Board of Educ., 34 NY2d 222, 233-234; Matter of Abramson v Urlacker, 120 AD2d 982, 983; Matter of Green Cab & Brokerage Co. v City of Rochester, 112 AD2d 802, 803). (Article 78 proceeding transferred by order of Supreme Court, Monroe County, Boehm, J.) Present—Dillon, P. J., Callahan, Denman, Green and Davis, JJ.