■ In the Matter of JERRY DEAN, Petitioner, v VINCENT DEL CASTILLO, as Chief of the New York City Transit Police Department, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York City Transit Police Department dated February 17, 1989, which, after a hearing, in effect, found, inter alia, that the petitioner had behaved in a manner that would tend to create adverse criticism of the Department, and imposed a penalty of a 40-day suspension without pay.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, without costs or disbursements.

The testimony at the hearing by the complainant that he was assaulted by a group of police officers subsequent to being unjustifiably struck by the petitioner, and the admission into

evidence of photographs which reflected the complainant's cumulative injuries from these two incidents, do not require that we annul the determination. Exclusive of this evidence, the determination is supported by substantial evidence *(see, Matter of Sowa v Looney,* 23 NY2d 329, 335; *see also, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 180-181). Furthermore, the petitioner's contention that he was prejudiced by the Hearing Officer's refusal to compel the respondents to produce a certain witness is without merit. The petitioner's attorney had the right to issue subpoenas to compel the attendance and testimony of witnesses *(see,* CPLR 2302 [a]; State Administrative Procedure Act § 304 [2]).

Finally, according due deference to the determinations of the respondent Commissioner of the New York City Transit Police Department, we find that the penalty imposed was not so disproportionate to the offense as to be shocking to one's sense of fairness *(see, Matter of Berenhaus v Ward,* 70 NY2d 436, 445; *Matter of Pell v Board of Educ.,* 34 NY2d 222, 237). Bracken, J. P., Kooper, Sullivan and Lawrence, JJ., concur.